# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## AGENCY APPEAL PRE-ARGUMENT STATEMENT (FORM C-A)

☐ APPLICATION FOR ENFORCEMENT   ✔ PETITION FOR REVIEW

1. SEE NOTICE ON REVERSE.   2. PLEASE TYPE OR PRINT.   3. STAPLE ALL ADDITIONAL PAGES.

| CAPTION: Mendoza Mendoza v. Bondi | AGENCY NAME: Board of Immigration App | AGENCY NO.: |
|---|---|---|
| | DATE THE ORDER UPON WHICH REVIEW OR ENFORCEMENT IS SOUGHT WAS ENTERED BELOW: 02/012/2025 | ALIEN NO: (Immigration Only) 202-070-952 |
| | DATE THE PETITION OR APPLICATION WAS FILED: 03/10/2025 | Is this a cross-petition for review / cross-application for enforcement? ☐ YES ✔ NO |

| Contact Information for Petitioner(s) Attorney: | Counsel's Name / Address / Telephone No. / Fax No. / E-mail: Reuben S. Kerben, 80-02 Kew Gardens Rd., Ste. 307, Kew Gardens, NY 11415, Phone: 718-255-8585, Fax: N/a; Email: kerben@gmail.com |
|---|---|
| Contact Information for Respondent(s) Attorney: | Counsel's Name / Address / Telephone No. / Fax No. / E-mail: Brandon Thomas Callahan, PO Box 878, Ben Franklin Station, Washington DC 2004, Phone: 202-532-4090; Email: brandon.t.callahan@usdoj.gov |

| JURISDICTION OF THE COURT OF APPEALS (provide U.S.C. title and section): 8 U.S.C. § 1252(a)(1) | APPROX. NUMBER OF PAGES IN THE RECORD: 370 | APPROX. NUMBER OF EXHIBITS IN THE RECORD: 13 | Has this matter been before this Circuit previously? ☐ Yes ✔ No  If Yes, provide the following:  Case Name:  2d Cir. Docket No.:   Reporter Citation: (*i.e.*, F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; AND (3) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS PETITION FOR REVIEW OR APPLICATION FOR ENFORCEMENT.

*ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM: (1) THE RELIEF REQUESTED; (2) A LIST OF THE PROPOSED ISSUES; AND (3) THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: STANDING AND VENUE

| STANDING | VENUE |
|---|---|
| PETITIONER / APPLICANT IS: ☐ AGENCY  ✔ OTHER PARTY ☐ NON-PARTY (SPECIFY STANDING): | COUNSEL MUST PROVIDE IN THE SPACE BELOW THE FACTS OR CIRCUMSTANCES UPON WHICH VENUE IS BASED: Immigration proceedings were completed in New York, NY |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

| PART B: NATURE OF ORDER UPON WHICH REVIEW OR ENFORCEMENT IS SOUGHT (Check as many as apply) |
|---|

**TYPE OF CASE:**

| | | | |
|---|---|---|---|
| _____ | ADMINISTRATIVE REGULATION/ RULEMAKING | __X__ | IMMIGRATION-includes denial of an asylum claim |
| _____ | BENEFITS REVIEW | _____ | IMMIGRATION-does NOT include denial of an asylum claim |
| _____ | UNFAIR LABOR | _____ | TARIFFS |
| _____ | HEALTH & SAFETY | _____ | OTHER: |
| _____ | COMMERCE | | (SPECIFY) |
| _____ | ENERGY | | |

1. Is any matter relative to this petition or application still pending below?  ☐ Yes, specify: _____  ✔ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   (A)  Arises from substantially the same case or controversy as this petition or application ?   ☐ Yes   ✔ No
   (B)  Involves an issue that is substantially similar or related to an issue in this petition or application ?   ☐ Yes   ✔ No

If yes, state whether  ☐ "A," or  ☐ "B," or  ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Petitioner or Applicant:

| Date: 03/28/2025 | Signature of Counsel of Record: s/ Reuben S.Kerben |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Petition for Review or Application for Enforcement, you have only 14 days in which to complete the following important steps:**

1. Complete this Agency Appeal Pre-Argument Statement (Form C-A); serve it upon your adversary, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. Pay the $500 docketing fee to the Clerk of the Second Circuit, unless you are authorized to prosecute the appeal without payment.

   **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 CALENDAR DAYS, YOUR PETITION FOR REVIEW OR APPLICATION FOR ENFORCEMENT WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# AGENCY APPEAL PRE-ARGUMENT STATEMENT (FORM C-A)

## ADDENDUM A

## Description of the Nature of the Action

Petitioner was issued a Notice to Appear in removal proceedings before the immigration court. Before the immigration court, Petitioner applied for relief from removal in the form of asylum under Section 208 of the Immigration and Nationality Act, withholding under Section 241(b)(3) of the Act, and withholding of removal under the United Nations Convention Against Torture, 8 C.F.R. Section 1208.16(c).

On November 21, 2022, the immigration judge dismissed Petitioner's removal proceedings without prejudice. Petitioner timely appealed the immigration judge's denial to the Board of Immigration Appeals.

On February 12, 2025, the Board of Immigration Appeals summarily dismissed Petitioner's appeal. Petitioners petitioned this Second Circuit Court of Appeals to review the decision of the Board of Immigration Appeals dismissing their appeal.

### Board of Immigration Appeals Decision Below/The Result Below

The Board of Immigration Appeals summarily dismissed Petitioner's appeal.

### Relevant Opinions/Orders

A. Board of Immigration Appeals Decision, dated February 12, 2025

A. Immigration Court Decision, dated November 21, 2022

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# AGENCY APPEAL PRE-ARGUMENT STATEMENT (FORM C-A)

## ADDENDUM B

## List of Proposed Issues and Applicable Standard of Review

Issue 1: Whether the Board erred in summarily dismissing Petitioner's appeal.

Standard: The Second Circuit has not articulated a standard of review for summary dismissals by the BIA, but many Circuits have applied an abuse of discretion standard. See Sano v. Holder, 331 F. App'x 799, 800 (2d Cir. 2009). The Court reviews de novo questions of law and the BIA's application of law to undisputed fact. Weng v. Holder, 562 F.3d 510, 513 (2d Cir.2009). The Ninth Circuit has applied the de novo standard when considering whether summary dismissal has violated a Petitioner's due process rights. See Nolasco-Amaya v. Garland, 14 F.4th 1007, 1012 (9th Cir. 2021).



A



# U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*



*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**Kerben, Reuben S.**
**Kerben Law Firm P.C.**
**80-02 Kew Gardens Rd Suite 307**
**Kew Gardens NY 11415**

**DHS/ICE Office of Chief Counsel - NYC**
**26 Federal Plaza, 11th Floor**
**New York NY 10278**

**Name: MENDOZA-MENDOZA, MARIA S**   **A 202-070-952**

**Date of this Notice:** **2/12/2025**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

John Seiler
Acting Chief Clerk

Enclosure

Userteam: Docket

**NOT FOR PUBLICATION**

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

MATTER OF:

Maria Susana MENDOZA-MENDOZA, A202-070-952

Respondent

**FILED**
Feb 12, 2025

ON BEHALF OF RESPONDENT: Reuben S. Kerben, Esquire

IN REMOVAL PROCEEDINGS
On Appeal from a Decision of the Immigration Court, New York, NY

Before: Reilly, Appellate Immigration Judge

REILLY, Appellate Immigration Judge

ORDER:

The respondent's appeal will be summarily dismissed pursuant to 8 C.F.R § 1003.1(d)(2)(i)(G). The summary of the Immigration Judge's decision dated November 21, 2022, indicates that the respondent waived appeal. On December 20, 2022, the respondent filed a Notice of Appeal (Form EOIR-26) with the Board. The Notice of Appeal does not dispute that the respondent, through prior counsel, did not oppose the motion of the Department of Homeland Security to dismiss her proceedings without prejudice, and then waived appeal of this outcome. While the respondent contends that she did not understand the effect of dismissal on her employment authorization, she does not argue that her decision to accept dismissal was not knowing and intelligent. The Immigration Judge's decision thus became administratively final upon the respondent's waiver of her right to appeal. 8 C.F.R. §§ 1003.3(a)(1) (final sentence), 1003.39; *see Matter of Rodriguez-Diaz*, 22 I&N Dec. 1320 (BIA 2000); *see also Matter of Shih*, 20 I&N Dec. 697 (BIA 1993). The respondent's appeal is therefore summarily dismissed pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(G).

B

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### NEW YORK - FEDERAL PLAZA IMMIGRATION COURT

Respondent Name:
MENDOZA-MENDOZA, MARIA SUSANA

To:
Borja, Michael Anthony
82-02 Roosevelt Avenue
2nd Floor
Jackson Heights, NY 11372

A-Number:
202070952

Riders:

In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
11/21/2022

## ORDER OF THE IMMIGRATION JUDGE

☐ This is a summary of the oral decision entered on _____. This memorandum is solely for the convenience of the parties. The oral or written Findings, Decision, and Orders is the official opinion in this case.

☒ Both parties waived the issuance of a formal oral decision in this proceeding.

### I. Removability

The court found Respondent ☒ removable ☐ inadmissible under the following Section(s) of the Immigration and Nationality Act (INA): 212(a)(7)(A)(i)(I)

### II. Applications for Relief

Respondent's application for:

A. Asylum/Withholding/Convention Against Torture
☐ Asylum was ☐ granted ☐ denied ☐ withdrawn.
☐ Withholding of Removal under the INA was ☐ granted ☐ denied ☐ withdrawn.
☐ Withholding of Removal under the Convention Against Torture was ☐ granted ☐ denied ☐ withdrawn.
☐ Respondent knowingly filed a frivolous application for asylum after notice of the consequences.

B. Cancellation of Removal
☐ Cancellation of Removal for Lawful Permanent Residents under INA § 240A(a) was
    ☐ granted ☐ denied ☐ withdrawn.
☐ Cancellation of Removal for Nonpermanent Residents under INA § 240A(b)(1) was

000014

☐granted ☐denied ☒withdrawn.
☐ Special Rule Cancellation of Removal under INA § 240A(b)(2) was
☐granted ☐denied ☐withdrawn.

C. Waiver

☐ A waiver under INA §   was ☐granted ☐denied ☐withdrawn.

D. Adjustment of Status

☐ Adjustment of Status under INA §   was ☐granted ☐denied ☐withdrawn.

E. Other

### III. Voluntary Departure

☐ Respondent's application for ☐ pre-conclusion ☐ post-conclusion voluntary departure was ☐denied ☐granted
☐ Further information regarding voluntary departure is attached.

Respondent shall depart the United States without expense to the Government by

[          ]

Respondent shall post a departure bond in the amount of [          ] with the DHS on or before

[          ]

### IV. Removal

☐ Respondent was ordered removed to
☐ In the alternative, Respondent was ordered removed to

### V. Other

☒ Proceedings were ☒ dismissed ☐ terminated ☐ administratively closed.
☐ Respondent was advised of the limitation on discretionary relief for failure to appear as ordered.
☐ Respondent's status was rescinded under INA § 246.
☐ Other:

the dismissal is without prejudice; prosecutorial discretion exercised

*Immigration Judge: Segal, Alice 11/21/2022*

| Appeal: | Department of Homeland Security: | ☒ waived | ☐ reserved |
|---|---|---|---|
| | Respondent: | ☒ waived | ☐ reserved |

Appeal Due:

**Certificate of Service**

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service
To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ M ] Noncitizen's atty/rep. | [ M ] DHS
Respondent Name : MENDOZA-MENDOZA, MARIA SUSANA | A-Number : 202070952
Riders:
Date: 11/21/2022 By: Cuccia, Janet, Court Staff

000016